# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HARLEY-DAVIDSON CREDIT CORP.,

        Plaintiff,

v.

WHISTLER AVIATION GROUP, LLC, et al.,

        Defendants.

2:10-CV-375 JCM (RJJ)

## ORDER

Presently before the court is plaintiff Harley-Davidson Credit Corporation's motion for default judgment against defendants Wake County and Jet Logistics (collectively, "defendants") for failure to plead or otherwise defend against plaintiff's complaint. (Doc. #28).

Pursuant to Federal Rule of Civil Procedure 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule.

Here, defendants have been duly served (*see* docs. #12 & 13), but have failed to respond to the complaint. Accordingly, plaintiff applied to the clerk of the court for entry of default against defendant Wake County on May 20, 2010 (doc. #15), and the clerk entered default on May 21, 2010 (doc. #17). Plaintiff applied to the clerk of the court for entry of default against defendant Jet

**James C. Mahan**
**U.S. District Judge**

1  Logistics on July 30, 2010 (doc. #24), and the clerk entered default on August 2, 2010 (doc. #24).

2      Plaintiff now asks this court to enter a default judgment against defendants declaring that
3  "Harley-Davidson's security interest in the Aircraft is entitled to priority as against all other recorded
4  security interests and liens against the Aircraft and that its senior security interest extends not only
5  to the airframe and engine but also to the propellers." (Doc. #28, p.6).

6      Declaratory judgment is a discretionary remedy, and the plaintiff must present proof to
7  persuade the court that he or she is entitled to the equitable relief sought. *Ass'n of AM. Medical*
8  *Colleges v. U.S.*, 217 F.3d 770, 779 (9th Cir. 2000) (citing *Abbott Laboratories v. Gardner*, 387 U.S.
9  136, 148 (1967), overruled on other grounds). Even where default has been entered, the conclusions
10 of law drawn in the complaint must logically flow from the facts presented.

11     Here, the plaintiff has alleged specific facts and has also submitted copies of relevant legal
12 documents – the secured promissory note (doc. #1, ex. A), the aircraft security agreement (doc. #2,
13 ex. B), and the assignment of security agreement (doc. #1, ex. C). Finally, plaintiff has submitted a
14 statement of verification from one of its authorized agents. (Doc. #28). Based on this information,
15 the court finds that plaintiff's requested declaratory relief is warranted.

16     Accordingly,

17     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
18 default judgment (doc. # 28) be, and the same hereby is, GRANTED.

19     IT IS FURTHER ORDERED that the plaintiff submit an appropriate default judgment to the
20 court for signature.

21     DATED September 29, 2010.

                                                                       UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**